## (January 18, 1968)

■ SUE CAGGIANO et al., Respondents, v. HYMAN DOMASH, Appellant.— Judgment unanimously modified, on the law and the facts, so as to reduce the amount of the judgment in favor of Mario Caggiano for loss of services from $500 to $100 and, as thus modified, the judgment is affirmed, without costs or disbursements of the appeal. The award in the loss of services action, on the record, is clearly excessive. Concur—Botein, P. J., Stevens, Capozzoli, McGivern and McNally, JJ.

■ SARAH KAYE et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—Judgment in favor of plaintiff Sarah Kaye, unanimously reversed, on the law, the facts and in the exercise of discretion, and a new trial granted as to plaintiff Sarah Kaye, unless within 20 days after service upon her of a copy of the order hereon, she stipulates to accept $37,500 in lieu of the award to her by verdict, in which event the judgment is affirmed, without costs or disbursements. The judgment in favor of Louis Kaye in the loss of services action is affirmed, without costs and without disbursements. It is obvious that the award to plaintiff of $60,000 in this personal injury negligence action is not supported by the record. Concur—Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.

■ In the Matter of the Accounting of FIRST NATIONAL CITY TRUST COMPANY, as Trustee under a Trust, Made by CLEMENT M. KEYS for the Benefit of FLORENCE E. KEYS and Others, Respondent. EDITH M. STONEY, Individually and as Admnistratrix C.T.A. of the Estate of FLORENCE E. KEYS, Deceased, et al., Appellants.—Judgment unanimously modified, on the law, the facts and in the exercise of discretion, so as to reduce the Referee's fee to $3,500 and the counsel fee to $7,500, and, as thus modified, affirmed, with $50 costs and disbursements to all parties filing briefs payable out of the trust. Concur—Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.

■ In the Matter of MARION R. FEIST, Respondent, v. RICHARD M. SCHWARTZ, as a City Marshal of the City of New York, et al., Appellants.— Appeal from a judgment in an article 78 proceeding directing a Marshal of the City of New York to execute a warrant of eviction and to place the personal property removed from a store on the sidewalk and to deliver the premises to the landlord, dismissed as academic, without costs or disbursements. It appears that on November 17, 1967, the tenant's goods were sold upon execution of a money judgment and that the landlord has been in possession of the premises. The questions presented on this appeal are not of vital public importance, which are likely to recur with frequency, so as to impel departure from the general rule of not deciding moot or academic matters. Concur—Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.